IN RE : Joseph H. HARMAN, Debtor.

Neil C. Gordon, Chapter
7 Trustee, Plaintiff,

v.

Joseph H. Harman, Linda J. Harman, The Linda J. Harman Irrevocable Trust, J.H.H. Holdings Corporation, First Equities Partners, Inc., First Equities Partners II, Inc., FCG Associates, LCC., Smith Conerly, LLP, J. Nevin Smith, Shadrix Lane. P.C., and Various John Does, Defendants.

CASE NO. 11–67522–MHM
ADVERSARY PROCEEDING
NO. 13–5211

United States Bankruptcy Court,
N.D. Georgia, Atlanta Division.

Signed March 31, 2015

Filed April 1, 2015

**354**

Neil C. Gordon, Michael F. Holbein, Theresa Y. Kananen, Sean C. Kulka, Ar-nall Golden Gregory LLP, Atlanta, GA, for Plaintiff.

James L. Paul, Chamberlain, Hrdlicka, White et al, Gregory S. Brow, David E. Gordon, Gary W. Marsh, McKenna Long & Aldridge LLP, Carl H. Anderson, Jr., Hawkins Parnell Thackston & Young, LLP, John L. Bunyan, Johannes S. Kingma, Tyler J. Wetzel, Carlock, Copeland & Stair, LLP, Atlanta, GA, for Defendant.

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

MARGARET H. MURPHY, UNITED STATES BANKRUPTCY JUDGE

Trustee filed a complaint initiating this adversary proceeding June 13, 2013, with subsequent amended complaints August 15, 2013 (Doc. No. 19) and May 2, 2014 (Doc. No. 75) (as amended, the "Complaint"). Defendants filed a *Motion for Judgment on the Pleadings* as to Count IX of the Complaint November 11, 2014 (Doc. No. 111) (the "First Motion") and a second *Motion for Judgment on the Pleadings* as to Counts I, II, XV. XVI. XXIV. and again as to IX, November 25, 2014 (Doc. No. 116).

## BACKGROUND

The Complaint stems from Defendant. Joseph H. Harman ("Harman"), filing a Chapter 7 petition initiating Case No. 11–67522 June 14, 2011. Trustee tiled this adversary proceeding alleging that Harman and the other Defendants orchestrated a fraud to divert Harman's own income to other individuals and entities to hide assets. Trustee alleges the scheme allows Harman to enjoy and exercise *de facto* ownership of the assets, but hold them beyond the reach of Harman's creditors. Trustee asserts that this scheme stretches back for decades and involves defendants

that are merely alter egos of Debtor. An order entered April 1, 2014, denying Defendants' motion to dismiss, provides a detailed statement of the background of this case (Doc. No. 63); *In re Harman*, 512 B.R. 321, 329 (Bankr.N.D.Ga.2014).

In the Motions, Defendants argue that Trustee does not have standing to assert claims on behalf of Debtor's creditors or, in the alternative, that Trustee should be barred from bringing a claim under the doctrine of *in pari delicto.*

## CONCLUSIONS OF LAW

■ Judgment as a matter of law is allowed under Federal Rule of Civil Procedure 12(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). A motion for judgment on the pleadings and motion to dismiss are subject to the same standard. *In re Dorsey*, 497 B.R. 374, 382 (Bankr. N.D.Ga.2013). Judgment is based on the substance of the pleadings and any judicially noticed facts, with the assumption that no issues of material fact exist. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). During such a motion, the facts are taken in the light most favorable to the non-moving party. *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir.2008).

■ 11 U.S.C. § 541 defines the property and assets that fall within the bankruptcy estate. A trustee can bring an alter ego claim under 11 U.S.C. § 541 when such a claim would be common to all creditors and the law of the applicable jurisdiction allows that cause of action. *In re Icarus Holding, LLC*, 391 F.3d 1315, 1321 (11th Cir.2004).

## DISCUSSION

Defendants challenge six counts of Trustee's Amended Complaint (Doc. No. 75). Counts I and II seek a declaratory judgment that the Linda J. Harman Irrevocable Trust ("Trust") is invalid or is the alter ego of Debtor, and that its assets are turned over to Debtor's Estate. Count IX asserts a claim for alter ego/piercing the corporate veil against Defendants Trust, J.H.H. Holdings Corporation, First Equities Partners, Inc., First Equities Partners II, Inc., and FCGI Associates, LLC. Count XV seeks a declaratory judgment that all assets nominally titled to Debtor's wife, Linda J. Harman, are actually Debtor's assets, and Count XVI demands those assets be given to the Estate. Count XXIV seeks an accounting from all Defendants. Defendants generally argue that each of the subject claims cannot be asserted by Trustee under 11 U.S.C. § 541 and that they are barred by the doctrine of *in pari delicto.*

■ Defendants argue that Trustee's claim under 11 U.S.C. § 541 should be barred as the Second Amended Complaint reflects a claim under 11 U.S.C. § 544, which the Court has already disallowed. Defendants are correct in noting that this Court previously determined that Trustee lacked the statutory authority to bring a claim on behalf of Debtor's creditors under 11 U.S.C. § 544, based on an analysis of *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). Defendants argue that the same conclusion reached in the order entered September 25, 2014 (Doc. No. 102) should apply to this Motion.

The 11th Circuit has held that a trustee in bankruptcy can bring an alter ego claim under 11 U.S.C. § 541 when it is a general claim common to all creditors and allowed by state law. *In re Icarus Holding, LLC*, 391 F.3d 1315, 1321 (11th Cir.2004); *see also In re Plaza Mortgage & Fin. Corp.*, 187 B.R. 37 (Bankr.N.D.Ga.1995). This Court has previously declined to preclude

an alter ego claim based on Georgia law (Doc. No. 63), and nothing in this case suggests that all of Debtor's creditors would not benefit equally from bringing assets nominally titled to Defendants into the bankruptcy estate. Whereas the September 25, 2014 order determined that 11 U.S.C. § 544 does not confer upon Trustee the authority to bring a claim on behalf of Debtor's creditors, binding 11th Circuit precedent states that Trustee has the authority to raise an alter ego claim under 11 U.S.C. § 541.

The distinction implied by the diverging results in *Icarus* and *Caplin* makes sense. 11 U.S.C. § 541(a)(1) states that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Additionally, it is Trustee's duty to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Trustee's claims essentially seek a determination that the assets held by or titled to Defendants are assets of the bankruptcy estate, and seek to recover those assets pursuant to Trustee's duties to the estate.

Defendants' repeated argument that Trustee is just a middleman for creditors is inaccurate. "To find that the trustee has no standing to pursue causes of action belonging to the debtor because the recovery would only benefit the creditors is an absurd argument, given the fact that the trustee's goal is to make a distribution to creditors." *In re Plaza Mortgage & Fin. Corp.*, 187 B.R. at 42. For the reasons stated above, allowing the claim under 11 U.S.C. § 541 is proper. If Trustee's claims regarding the hidden assets are true, then those assets would fall under 11 U.S.C. § 541 and be part of the bankruptcy estate.

█ Next, Defendants have asserted that the doctrine of *in pari delicto* should bar Trustee from bringing the subject claims. Under that doctrine, courts decline to resolve one side's claim over the other where the claim arises from both parties' wrongdoing. Defendants assert that, because the claims against non-debtor third parties rely on Harman's alleged wrongdoing, *in pari delicto* should bar Trustee from raising the claims on behalf of Debtor's estate. Defendants argue in their *Reply in Support of Motion for Judgment on the Pleadings* (Doc. No. 120), that not enforcing *in pari delicto* would subject Defendants to the risk of double recovery by creditors unsatisfied with Trustee's results.

In response. Trustee argues that a judgment based on an affirmative defense at the pleading stage is improper. *In re Exide Technologies, Inc.*, 299 B.R. 732, 752 (Bankr.D.Del.2003) ("A plaintiff is not required to plead in the complaint all requirements for a claim as well as contemplate and plead in anticipation of all affirmative defenses that may lie against such claim."). In the alternative. Trustee argues that Defendants' cited cases involve a trustee standing in the shoes of a corporate debtor who then sues another debtor to recover property that was fraudulently transferred: as the corporate debtor in those cases had committed a wrong, that wrongdoing passed to the trustee's claims. Trustee argues that those cases are distinguishable from the case at bar where Debtor and Defendant corporations are alleged to be acting as one and the corporate structure is being abused. Moreover. Trustee argues that *in pari delicto* should not apply for equitable reasons, and cites precedence in which the Supreme Court chose not to invoke the doctrine. *See Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 105 S.Ct. 2622, 86 L.Ed.2d 215 (1985) (denying an *in pari*

*delicto* defense in an insider trading claim as it better served public policy to do so).

■ *In pari delicto* is an affirmative defense. *Official Comm. Of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 354–55 (3d Cir.2001). A plaintiff need not contemplate every defense when preparing their complaint. *In re Exide Technologies, Inc.* at 299 B.R. at 752. However, when an affirmative defense appears on the face of a pleading, courts may consider it. *In re Pitt Penn Holding Co.*, 484 B.R. 25, 38 (Bankr.D.Del.2012). In this case, the factual allegations relevant to the *in pari delicto* defense appear on the face of the Complaint, so it is appropriate for the court to make conclusions of law with respect to that defense.

■ The defense of *in pari delicto* is not applicable here. As discussed above, binding 11th Circuit precedent informs that Trustee has authority under 11 U.S.C. § 541 to bring alter ego claims which could be brought by Debtor's creditors. *Icarus Holding, LLC.*, 391 F.3d at 1321. "Allowing [Trustee] to assert the claim, rather than an individual creditor, furthers a goal of the Bankruptcy Code of providing similarly situated creditors with an equal distribution." *In re Schimmelpenninck*, 183 F.3d 347, 355–56 (5th Cir. 1999); *see, also, In re iPCS, Inc.*, 297 B.R. 283 (Bankr.N.D.Ga.2003) (Drake, J.). Allowing creditors to pursue alter-ego claims general to all creditors would promote a first-come / first-served attack on the debtor's affiliates, contrary to the policies of the Bankruptcy Code. *Id.* Trustee stands in the shoes of the creditors whose claims are unable to proceed because of the bankruptcy; it would be inequitable to prevent creditors from asserting their claims due to the existence of the bankruptcy estate while simultaneously imputing Debtor's alleged conduct on Trustee. The doctrine of *in pari delicto* would not apply to Debtor's creditors; therefore, it should not apply to Trustee.

The cases cited by Defendants in support of the contrary conclusion are unpersuasive. The 11th Circuit last addressed *in pari delicto* in the bankruptcy context with a debtor involved in a Ponzi scheme; the court concluded that the debtor's wrongs were imputed upon the trustee of the bankruptcy estate. *See Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145 (11th Cir.2006). 18 U.S.C. § 1964 provides a civil cause of action against RICO violators to "any person injured in his business or property by reason of" those RICO violations. The *Edwards* court concluded that the trustee was attempting to raise a RICO complaint on behalf of one of the RICO conspirators—the debtor—against the other conspirators; "[Trustee's] recovery under RICO would not divest RICO violators of their ill-gotten gains: it would result in a wealth transfer among similarly situated conspirators." *Id.* at 1155. The *Edwards* court noted that any of debtor's creditors actually harmed by the Ponzi scheme could raise their own claims, without the risk of diluting their recovery "through apportionment to senior creditors or unharmed creditors of equal priority." *Id.* at 1151. In other words, the RICO claims were not generalized to all creditors. The instant case is distinguishable: Trustee does not here raise a claim on behalf of Debtor to transfer wealth from one wrongdoer to another; he raises a claim general to all creditors, for apportioned distribution to Debtor's creditors, as allowed by *Icarus*.

One case cited by Defendants, *In re Flanagan*, at first appears analogous to the allegations in the instant case. 373 B.R. 216, 224 (Bankr.D.Conn.2007) (Dabrowski, J.) *aff'd* 415 B.R. 29 (D.Conn. 2009). The debtor in that case had funneled money into a limited partnership that was owned wholly by two family mem-

bers, but managed by that debtor. A civil RICO case led to the debtor's family turning over their stake in the partnership in exchange for settling the RICO claim. Following this settlement, the Chapter 7 trustee sold any claim Flanagan had in the partnership to a third party. The third party filed suit to recover the assets of the partnership, arguing that the separate legal existence of the partnership should be ignored. Citing the doctrine of *in pari delicto*, the court denied the third-party claim; the third party had a claim only by purchasing the debtor's interest in the property, so the debtor's unclean hands must be imputed on the third party. As the court stated:

> "The real objection is not to one man's unclean hands but to the whole enterprise. The court does not want to touch an unlawful transaction with a ten-foot pole. **It always refuses to help carry it out,** and it often refuses to pick up the pieces after the enterprise has fallen apart. Courts were set up to enforce the law, not to enforce violations of law."

*Id.* at 224 (emphasis added). With the case at bar, Trustee's claims do not attempt to "pick up the pieces" of a crumbling enterprise; rather. Trustee's claims seek to disrupt a whole and unhindered scheme. Assuming the allegations are true, granting a judgment based on *in pari delicto* would be tantamount to helping carry out the scheme.

Finally, seeking an accounting under Count XXIV from all defendants is consistent with the duties of Defendants and Trustee. Rule 6002 states that, "Any custodian required by the Code to deliver property in the custodian's possession or control to the trustee shall promptly file and transmit to the United States trustee a report and account with respect to the property of the estate and the administration thereof." Fed. R. Bankr. P. 6002. As such, a judgment under any count that would lead to the turnover of assets to Trustee would require an accounting and report. Moreover, Debtor has a duty to surrender to trustee any recorded information, books, documents, records, and papers relating to the property of the estate. 11 U.S.C. § 704(a)(4). If Trustee's alter ego claim prevails, then Defendants' duty to account for property and disclose documents would extend to the new assets of the bankruptcy estate.

## CONCLUSION

Defendants' *in pari delicto* defense relies on the assertion that Trustee is attempting to bring a claim in the shoes of Debtor. Defendants' alternative argument is that Trustee cannot bring a claim on behalf of Debtor's creditors. Both arguments fail. The doctrine of *in pari delicto* is inapplicable to the circumstances surrounding this case. Additionally, Trustee has standing under 11 U.S.C. § 541 to bring an alter-ego claim against Defendants. Accordingly, it is hereby

ORDERED that Defendants' Motion is *denied*.

IT IS SO ORDERED.